UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED

99 JUL 21 PM 12:45

U.S. DISTRICT COURT
N.D. OF ALABAMA

|  |  |  |
|---|---|---|
| SOUTHERN NATURAL GAS COMPANY, | ) | **ENTERED** |
|  | ) |  |
| Plaintiff, | ) | JUL 2 1 1999 |
|  | ) |  |
| vs. | ) | CV 97-L-2930-S |
|  | ) |  |
| 2.642 ACRES OF LAND LOCATED IN CULLMAN COUNTY, ALABAMA; N. JANEEN OSBORNE, et al., | ) |  |
|  | ) |  |
| RE: CULLMAN PARCEL NO. 118 | ) |  |
|  | ) |  |
| Defendant. |  |  |

## MEMORANDUM OPINION

I. Introduction

   Currently pending before this court are motions to reject or modify Report of Commissioners filed by plaintiff Southern Natural Gas Company ("Southern") and defendant N. Janeen Osborne ("Defendant"). Under Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the report or may modify it or may reject it in whole or in part." The following paragraphs contain the items that were discussed in oral

14

argument, the parties' objections to the Report of Commissioners, as well as the court's findings.

## II. Damages Awarded For The Permanent Easement ($7,930)

The Commissioners awarded $7,930 by deriving that the 2.642 acres taken for the permanent pipeline easement were worth $3,000 an acre. Although Defendant objects to valuing the property at $3,000 an acre, the court holds that the $3,000 amount per acre is not clearly erroneous and that the Commission's findings are approved and adopted as the findings of the court.

## III. Amount Awarded For Timber Damage ($5,000)

The Commissioners recommended that damage to timber in the easement amounted to $5,000. Neither party has objected to this award, and the Commission's findings are approved and adopted as the findings of the Court.

## IV. Amount Awarded For Temporary Easement ($1,268)

The Commissioners recommended that $1,268 was appropriate compensation for the temporary construction easement. Neither party has objected to this award, and the Commission's findings are approved and adopted as the findings of the Court.

V.     Damage To The Remaining Property ($0)

The Commission recommended that landowners be awarded $6,000 for damage caused by the pipeline to the remainder property outside of the permanent easement. Southern objects to this award arguing that the $6,000 award is not properly supported by any credible evidence before the Commission and is clearly erroneous. Defendant argues that the Commissioners' $6,000 award fails to adequately compensate her for the damage to the remaining property, and that the Commissioners failed to consider opinion evidence presented by defendant that total damage to the property was approximately $226,000.

As cited in the Instructions to the Commissioners, when deciding what weight if any to give to opinion evidence, the Commission is to consider the "extent to which their opinions are based upon a thorough and careful analysis of the applicable facts and circumstances and are consistent with the legal principles involved, and the extent to which the reasons given for their opinions appear to be sound and reasonable." *(See pp. 8-9)* The landowner did not identify the type of damages to the remainder for which compensation was given, and she had no market data to support her opinion. The landowner further testified that she had plans to build 3 ponds on the property and planned to develop land for a home site in about 4 years, however, these claims are not properly supported by evidence that this is a probable use in the reasonably near future.

After considering all evidence, the Court finds that the $6,000 awarded for damages to the remainder property in the Commissioner's report is clearly erroneous. Thus, the court holds that the amount to be awarded for damages to the remaining property should be zero

dollars ($0).

## VI. Conclusion

The Commissioners have recommended an award to the owners of the property in the above-described easement in the amount of $20,198. The court has decided to moderate such award from $20,198 to $14,198, pursuant to the provisions of F.R.C.P. Rule 53(e)(2). In the view of the foregoing discussion, a judgment will be entered in the amount of $14,198 as just compensation to the owner of Cullman Parcel 118 for the taking of the above-described easement. This Judgment is final as to plaintiff and N. Janeen Osborne, pursuant to Fed. R. Civ. Pro. 54(b). No just cause exists to delay any appeal of the adjudicated claim or the adjudicated rights and liabilities of these parties.

DONE this _2_ day of July, 1999.

SENIOR JUDGE *H. Lynne*